**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

HENRY L. MANNS,                :
                                       Civil Action No. 08-3085 (NLH)
           Petitioner,         :

     v.                        :     **OPINION**

U.S. PAROLE COMMISSION,        :

           Respondent.         :

**APPEARANCES**:

Petitioner pro se
Henry L. Manns
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

     Petitioner Henry L. Manns, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361.[1]  The sole respondent is the United States Parole Commission.

---

     [1] Section 1361 provides:

     The district courts shall have original jurisdiction of
     any action in the nature of mandamus to compel an
     officer or employee of the United States or any agency
     thereof to perform a duty owed to the plaintiff.

I.  BACKGROUND

Petitioner was sentenced in the U.S. District Court for the Middle District of Florida on November 17, 1988, to a life term of imprisonment (later modified to 30 years) and a five-year term of special parole (later modified to supervised release) for manufacturing crack cocaine; to a concurrent 40-year term of imprisonment (later modified to 30 years) and a four-year term of special parole (later modified to supervised release) for distribution of cocaine; to a concurrent 40-year term of imprisonment (later modified to 20 years) and a three-year term of special parole (later modified to supervised release) for possession of cocaine with the intent to manufacture crack cocaine; and to a concurrent four-year term of imprisonment for using a telephone to facilitate the conspiracy to distribute cocaine.[2]  See United States v. Manns, 88-cr-0054 (M.D. Fla.).

Petitioner was released from prison for all offenses on April 30, 2007, to begin concurrent supervision consisting of both supervised release and parole supervision.  Both the supervised release and the parole supervision were supervised by Officer Joseph Pinto.

Pursuant to the request of Officer Pinto, the District Court issued a warrant for Petitioner's arrest for violations of

---

[2] The terms of special parole were modified to supervised release pursuant to the Supreme Court's decision in Gozlon-Peretz v. United States, 498 U.S. 395 (1991).

supervised release and the U.S. Parole Commission issue a warrant for Petitioner's arrest for violations of parole.  See, e.g., United States v. Manns, 88-cr-0054 (M.D. Fla.) (Docket Entry No. 1412: arrest warrant); Petition, Exhibit.[3]  The cover memo for the parole violator warrant contained the following instructions:

> If the parolee is already in the custody of federal or state authorities, do not execute this warrant.  Place a detainer and notify the Commission.  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.
>
> If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

(Memo to U.S. Marshal, dated October 10, 2007, Resp. Ex. 6.)

In accordance with the instructions on the parole violator warrant, Petitioner was arrested on October 16, 2007, pursuant to the warrant issued by the District Court.  See United States v. Manns, 88-cr-0054 (M.D. Fla.) (Docket Entry No. 1412 - arrest warrant returned executed).  Petitioner admitted guilt to violation of the non-criminal charges; the District Court found Petitioner guilty of the criminal violation of providing a false

---

[3] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

statement to a federal law enforcement officer while on supervision.  On December 4, 2007, the District Court entered a judgment revoking Petitioner's supervised release and sentenced Petitioner to a term of imprisonment of twelve months and one day, to run consecutive to any term of imprisonment imposed by the U.S. Parole Commission, prior or future, and to be followed by a term of supervised release of 48 months.

On April 21, 2008, the Federal Bureau of Prisons advised the Parole Commission that the parole violator warrant had been filed as a detainer against Petitioner.  To date, the Parole Commission has not taken any further action with respect to the parole violator warrant.

Petitioner is tentatively scheduled for release on August 30, 2008.

Petitioner has filed in this Court his Petition for Writ of Mandamus, alleging that the U.S. Marshal executed the parole violator warrant on October 16, 2007, and arguing that he is, therefore, entitled to the review procedures that follow execution of such a warrant.[4]  In the alternative, Petitioner

---

[4] Petitioner alternately relies on 28 C.F.R. § 2.47(a)(2) and § 2.48(a).  Pursuant to § 2.47(a)(2), where an unexecuted warrant has been placed as a detainer against a prisoner serving a sentence of more than one year, the Regional Commissioner shall perform a review not later than 180 days following notification to the Parole Commission of the placement of the warrant.  The prisoner is entitled to notice of the pending review, to submit a written statement, and to apply for appointment of counsel to assist him.  Pursuant to § 2.48(a), a prisoner arrested pursuant

asks this Court to order the removal of the detainer.

Respondents argue that Petitioner is not entitled to pursue mandamus because the alternate remedy of habeas corpus is available to test his custody, and that, in any event, he cannot meet the requirements for mandamus because the parole violator warrant has not been executed and the time for reviewing an unexecuted warrant as a detainer has not yet expired.

## II.   ANALYSIS

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Certain conditions must be met before mandamus relief is granted.  "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'"  Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).  Thus, mandamus is available to Petitioner here only if he shows that he has a clear right to the relief sought, that the Respondent has a clear duty to

---

to a parole violator warrant is entitled to a preliminary
interview to determine whether there is probable cause to believe
that the parolee has violated his parole as charged.

perform, and that no other adequate remedy is available. Petitioner cannot meet this standard.

First, it is clear that the parole violator warrant has not been executed and that, therefore, none of the procedural due process rights that flow from execution of a parole violator warrant have yet ripened. The loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant. See Moody v. Daggett, 429 U.S. 78, 87 (1976) (expounding upon Morrissey v. Brewer, 408 U.S. 471, 485 (1972)(describing due process rights of parolee who has been arrested pursuant to a parole violator warrant)).

In addition, the Parole Commission was notified on April 21, 2008, that the unexecuted warrant had been lodged as a detainer. Accordingly, the six-months period for review has not yet elapsed. See 28 C.F.R. § 2.47(a)(1), (2); 18 U.S.C. § 4214(b)(1). Deferral of the revocation decision does not deprive Petitioner of any liberty interest; nothing in the applicable regulations or statutes grants him any "right" to force a hearing or decision at this time. See Moody v. Daggett, 429 U.S. at 87-88.

III.  CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: August 6, 2008